UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
HERMAN BILLUPS, JR.,
and KENDRICK CASTRO,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, NICHOLAS
TAORMINA, JOHN FISCHETTI,
MILTON VALERIO, and JOHN DOES 1-5,

                Defendants.
------------------------------------------------X

**COMPLAINT**

11 CIV 6069

JUDGE DANIELS

Plaintiffs Herman Billups, Jr., and Kendrick Castro, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned plaintiff Billups was a black teenage male and resident of New York County, located within the City and State of New York.

2. At all times hereinafter mentioned plaintiff Castro was a Latino teenage male and resident of New York County, located within the City and State of New York.

3. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department("NYPD") and its employees.

4. At all times hereinafter mentioned, defendant Nicholas Taormina was a member of the NYPD, with the rank of Lieutenant, employed, retained, trained and supervised by New York City, and is sued herein in his individual and official capacities.

5. At all times hereinafter mentioned, defendant John Fischetti was a member of the NYPD, with the rank of Sergeant, employed, retained, trained and supervised by New York City, and is sued herein in his individual and official capacities.

6. Milton Valerio, whose tax registry number is 943907, was a member of the NYPD, employed as a NYPD police officer under the supervision of defendants Taormina and Fischetti, and is sued herein in his individual and official capacities.

7. At all times hereinafter mentioned, defendants John Does 1-5 were members of the NYPD, employed, retained, trained and supervised by New York City, and are sued herein in their individual and official capacities.

8. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

9. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the plaintiffs and defendant City of New York reside.

## RELEVANT FACTS

10. At or around the evening hours of August 28, 2008, plaintiff Billups, then fifteen years of age, was lawfully present on the sidewalk on East 111 Street between First and Second Avenues when he was seized and arrested by the defendants.

11. Although defendants lacked reasonable cause to seize or detain plaintiff, much less probable cause to arrest plaintiff, and even though Mr. Billups had not and was not engaging in any criminal conduct, the defendants seized plaintiff and brought him in handcuffs to the NYPD's local precinct station house, where he was further detained and processed.

12. Plaintiff was imprisoned at the 23rd precinct station house for about 18 hours, during almost all of which time he was kept handcuffed.

13. Apparently, plaintiff, and several other teenagers, had been arrested for allegedly robbing a Mr. Navarrate-Canto, and adult male who had drunkenly approached the group and initiated a confrontation.

14. Plaintiff Kendrick Castro, also then fifteen years-old, whose younger sister N.C. was one of the other teenagers arrested, learned of the arrests and went to the 23 precinct station house with other family members for more information about N.C.'s arrest.

15. Shortly after his arrival at the station house, Castro was himself seized and arrested and charged with participating in the robbery of Navarrate-Canto. Castro was then kept handcuffed in the station house throughout the night.

16. Having investigated the charges, which included an interview with the plainly intoxicated Navarrate-Canto, the New York County District Attorney's Office ("NYDA") declined to prosecute any of the individuals arrested, with the exception of N.C., and both plaintiffs were eventually released from defendants' custody without facing charges.

17. Neither plaintiff was involved in any manner with any assault, robbery,

3

or other criminal interaction with Navarrate-Canto, and t no time did the defendants have probable cause to seize, arrest, or imprison plaintiff, nor was it reasonable for any of the defendants to believe such cause existed.

18. No charges have ever been filed against the plaintiff in this matter.

19. At all times relevant herein, the defendants were acting within the scope of their employment with the NYPD and the City of New York, and their actions, and those of all of their fellow NYPD employees, were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

20. Plaintiffs repeat the allegations contained in paragraphs "1" through "19" above as though stated fully herein.

21. Defendants willfully and intentionally seized, searched, arrested and imprisoned plaintiff without due cause, and without a reasonable basis to believe such cause existed.

22. Defendants willfully and intentionally subjected plaintiffs to excessive force by forcing them to remain handcuffed while in NYPD custody for a period of many hours, which was not necessary under the circumstances, and without a reasonable basis to believe that the use of such force was necessary.

23. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, unlawful searches of

person and property, and malicious use and abuse of process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution

24. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## SECOND CAUSE OF ACTION

25. Plaintiffs repeat the allegations contained in paragraphs "1" through "24" above as though stated fully herein.

26. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD generally and the 23rd precinct specifically.

27. Upon information and belief, defendants knew that there was inadequate supervision within the NYPD on and prior to the date of plaintiff's arrest, and that NYPD guidelines, as promulgated in the Patrol Guide, and elsewhere, were routinely ignored and violated by NYPD members. Despite their prior notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were in place to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the

public, including and specifically, the plaintiff herein.

28. Defendants were deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

29. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## THIRD CAUSE OF ACTION

30. Plaintiffs repeat the allegations contained in paragraphs "1" through "29" above as though stated fully herein.

31. At all times hereinafter mentioned the municipal defendant, the City of New York, its agents, employees and servants, including but not limited to the aforementioned individual defendants, acted under color of the statutes, customs, ordinances and usage of the City and State of New York.

32. That the defendant, City of New York, by its persistent lax supervision of its officers, by its practice of requiring its officers to effect a certain minimum number of arrests, and persistent and arbitrary refusal to discipline its officers and to fully and adequately investigate allegations of abuse, neglect, cruelty, and violation of departmental rules and regulations has demonstrated a pattern and practice of abuse of power and deprivation of civil rights by subjecting persons to unlawful and unjustified detentions and

deprivations of legal rights and remedies.

33. Such actions are believed to be comprised of, inter alia, the persistent harassment of individuals, false arrest of said persons, insensitivity, intolerance, physical punishment and abuse and excessive force, failure to investigate claims of abuse and violations of departmental rules and regulations, failure to discipline officers when necessary, covering up such incidents when possible, and generally creating and fostering an environment in which an attitude of "cover-up" and denial of officer misbehavior, tortious acts, and violations of law are condoned and accepted, all of which is common knowledge to the subject community and residents within the New York City area.

34. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983, and thereby deprived plaintiff of his right to equal protection under the law and impeded the due course of justice, in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and the Constitution of the State of New York, and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on causes of action one through three actual and punitive damages in an amount to be determined at trial;

    ii.    statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iii.    such other relief as the Court deems just and proper.

Dated:    Brooklyn, New York
           August 26, 2011

           REIBMAN & WEINER

By: *[signature]*
Michael B. Lumer (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743